### ESTHER WRIGHT *vs.* POTOMSKA MILLS CORPORATION.

Bristol.    Oct. 29, 1884. — Jan. 9, 1885.    C. ALLEN & COLBURN, JJ., absent.

Under the Pub. Sts. c. 152, § 9, if the *ad damnum* in a writ is laid at a sum exceeding $100, the Superior Court has original jurisdiction of the action, and has no authority on its own motion, or on motion of the defendant, to compel the plaintiff to amend his writ by reducing the *ad damnum*, so as to oust the court of its jurisdiction, although the amount demanded in the declaration is less than $100.

CONTRACT.    The writ, dated June 23, 1883, and returnable to the Superior Court, described the parties as residents of New Bedford, and stated the *ad damnum* at $500.

At the return term, the plaintiff filed a declaration alleging that the defendant owed her $30, for work and labor; and the defendant filed a motion that the writ be amended by reducing the *ad damnum* from $500 to $100, and also a motion to dismiss the action, for want of jurisdiction, on the ground that the debt or damage did not exceed $100.

*Gardner*, J., overruled both motions, as matter of law. Judgment was thereupon entered, by consent, for the plaintiff, for $30; and the defendant alleged exceptions.

*T. M. Stetson & L. L. Holmes*, for the defendant.

*T. F. Desmond*, for the plaintiff.

MORTON, C. J.   The Superior Court has original jurisdiction of actions wherein the debt or damages demanded exceed $100, the statute providing that "no action shall be commenced in the court wherein the debt or damages demanded do not exceed one hundred dollars." Pub. Sts. *c.* 152, § 9.   The words "debt or damages demanded," as used in the various statutes of this Commonwealth defining the jurisdiction of the courts, have repeatedly been held to refer to the *ad damnum* of the writ, and not to the amount claimed in the declaration or proved at the trial. *Clay* v. *Barlow*, 123 Mass. 378, and cases cited. It is to be presumed that the Legislature, in the Public Statutes, used these words in the same sense which the court, in construing other statutes, has uniformly given to them.

As the *ad damnum* in this writ is laid at $500, the Superior Court had original jurisdiction of the case ; and there is no provision of statute, and no rule of law, which authorizes it on its own motion, or on the motion of the defendant, to compel the plaintiff to amend his writ by reducing the *ad damnum* so as to oust the court of jurisdiction.   The Legislature has adopted such safeguards as it deems necessary to prevent trivial suits from being brought in the Superior Court.   If a plaintiff in an action brought originally in that court fails to recover more than twenty dollars, he is subjected to the penalty of losing his costs.   Pub. Sts. *c.* 198, § 5.   But there are no provisions of the statutes which prevent a plaintiff from making his *ad damnum* more than $100, although his claim is less.

If, as contended by the defendant, there is danger of flooding the Superior Court with trivial cases, it is for the Legislature, and not the court, to devise and apply the proper remedy.

*Exceptions overruled.*